CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 18 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMY SCOTT CARTER, | ) | |
| | ) | Civil Action No. 7:10-cv-00342 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, et al. | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

This is an action brought under 42 U.S.C. § 1983 by Jeremy Scott Carter, an inmate

acting *pro se*, against various employees of the Virginia Department of Corrections ("VDOC")

whom Carter claims were responsible for injuries he suffered during a fight in a prison cafeteria.

Carter has moved, under Federal Rule of Civil Procedure ("Rule") 65(b), for a temporary

restraining order prohibiting defendants' counsel from using a prison official as an intermediary

to confer with Carter as required by Rule 26(c)(1) regarding one of Carter's discovery requests.

The court finds Carter's arguments without merit and denies the motion accordingly.

## I.

Carter's motion arises out of the defense counsel's attempt to consult with Carter

regarding interrogatories and document requests he filed on March 16, 2011. Cognizant of Rule

26(c)(1)'s requirement that the parties confer, or attempt to confer, in an effort to resolve a

discovery dispute before one side files a protective order, counsel for the defendants asked the

Institutional Operations Manager at Keen Mountain, T. Barbetto, to deliver a letter to Carter

requesting that he withdraw certain discovery requests. Barbetto delivered the letter to Carter as

requested, and returned to Carter's cell the next day to retrieve his response, which she then

mailed to the defendants' counsel. Carter does not allege that Barbetto pressured him to respond to the letter in any particular way.

Carter then moved for a temporary restraining order requesting that the court: (1) only require Carter to communicate with the defendants' attorney regarding the case; (2) enjoin the defendants' attorney from discussing this case with anyone other than Carter; and (3) prevent the defendants' attorney from communicating with Carter except by way of the prison's institutional mail system, in person, or by telephone or video conference.

## II.

Carter apparently believes that the defendants' counsel has acted inappropriately in seeking to have an intermediary communicate a discovery related request, and he now seeks a temporary restraining order compelling opposing counsel to remedy this perceived misconduct going forward. However, Rule 65 is not the appropriate method to settle discovery disputes. Instead, Rule 26 sets forth both the parties' discovery obligations and the remedies available when one party fails to meet those obligations.

For these reasons, the court denies Carter's motion for a temporary restraining order.

**ENTER**: May 17, 2011.

_____
UNITED STATES DISTRICT JUDGE