CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 27 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMY SCOTT CARTER, #1198832, ) | |
| ) | Civil Action No. 7:10cv00342 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| GENE M. JOHNSON, et al., ) | By:   Hon. Samuel G. Wilson |
| ) | United States District Judge |
| Defendants. ) | |

Plaintiff, Jeremy Scott Carter, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. The plaintiff alleges that the defendants failed to protect him from an assault in the dining hall by another inmate. The plaintiff claims he told various members of the prison staff that he was in danger, but the staff was deliberately indifferent to his safety and security. Plaintiff further claims that staff members failed to timely intervene and protect him once the attack was underway.

I.   Qualified Immunity Defense

Defendants have filed a motion for summary judgment and a motion for a protective order. In their motion for a protective order, defendants claim that their "previously filed Motion for Summary Judgment and Brief in Support thereof [asserts] qualified immunity as a defense." (Dkt. 48, p. 2.) However, the court notes that the defendants' motion and brief in support of summary judgment in fact contain no arguments in support of a defense of qualified immunity. (Dkts. 25 & 26.) Defendants do assert in their answer to the complaint that "the Defendants are immune from suit based upon the discharge of their official duties." (Dkt. 24, p.

2.) Defendants seek a stay of discovery until the court rules on the issue of qualified immunity. For the following reasons, the court will deny the defendants' motion for summary judgment to the extent that it is based on the defense of qualified immunity and take it under advisement as to the merits.

The doctrine of qualified immunity protects government officials performing discretionary functions from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When a government official properly asserts the defense of qualified immunity, he is entitled to summary judgment if either: (1) the facts, taken in the light most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right; or (2) the right was not clearly established such that it would not have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 815-16 (2009).[1]

It is clearly established under the Eighth Amendment that prison officials are required to take reasonable precautions to protect the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 832-833 (1994). To prevail on a failure to protect claim, an inmate must show that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that prison officials were aware of and disregarded that risk. Id. at 834-37. Plaintiff's allegations are sufficient to allege a prima facie constitutional claim. Plaintiff asserts that he spoke to various correctional officer defendants about the danger of an attack and his fears for his safety and that he asked to be moved. He states that though these defendants were aware of the risk to his

---

[1] The Supreme Court's recent decision in Pearson overruled that part of Saucier which mandated that courts conduct the two-step qualified immunity inquiry in sequential order. See Pearson, 129 S. Ct. at 813; see Saucier v. Katz, 533 U.S. 194, 205 (2001). Courts now "have the discretion to decide whether that procedure is worthwhile" and "determine the order of decision making [that] will best facilitate the fair and efficient disposition of each case." Pearson, 129 S. Ct. at 821. Otherwise, Saucier remains as binding precedent.

2

safety, they did not protect him and they did not change his housing. He also claims that correctional officers present in the dining hall during the attack failed to intervene, even though they were aware an attack was occurring. Plaintiff further alleges that defendants Johnson and Mathena were aware of the security problems at the prison, including the dangers posed by individuals in the group "5 percenters," yet failed to take action to protect the plaintiff. Plaintiff claims numerous injuries as a result of the defendants' deliberate indifference.

The court finds that the plaintiff has alleged sufficient facts in this action to state a constitutional claim which was clearly established and rejects the defense of qualified immunity. Accordingly, the court will deny the defendants' motion for summary judgment to the extent that it is based on the defense of qualified immunity. However, the court will take the motion for summary judgment under advisement as to the merits.

II. Discovery

The plaintiff has attempted to engage in discovery by filing a motion for leave to file limited pretrial discovery, interrogatories and requests for production of documents. (Dkts. 40, 42 & 44.) Plaintiff has also filed a motion to compel discovery and a memorandum in support, arguing that his requested discovery is relevant and does not pose a security risk. (Dkts. 53 & 54.)

A. Protective Order on Grounds of Qualified Immunity

In their motion for a protective order, defendants claim that their "previously filed Motion for Summary Judgment and Brief in Support thereof [asserts] qualified immunity as a

defense." (Dkt. 48, p. 2.)[2] Citing the United States Supreme Court's decision in Saucier v. Katz, 533 U.S. 194 (2001) and in Siegert v. Gilley, 500 U.S. 226 (1991) (overruled in part by Pearson v. Callahan, 555 U.S. 223), the defendants correctly note that qualified immunity operates to protect government officials from both the burdens of trial and discovery. However, as set forth above, the court has denied the defendants' motion for summary judgment to the extent that it is based on the defense of qualified immunity. Thus, the court denies defendants' motion for a protective order to the extent that it is based on the defense of qualified immunity.

B. Protective Order on Grounds of Security and Confidentiality

Defendants objected to the plaintiff's requests for production of documents 3, 5, 10 and 11, as well as interrogatory 12 on various grounds, including relevance, confidentiality and security. These discovery requests are as follows:

> Interrogatory 12: "Was there a third camera added to each dining hall shortly after plaintiff's assault of March 9, 2009. If so when, where, and why were they added. (Describe the location, the time it was installed, and for what reason(s))."
>
> Request for Production of Documents 3: "Any and all documents and/or policies that contain, mention, construe, or refer to inmate-on-inmate threats or assaults at KMCC."
>
> Request for Production of Documents 5: "Any and all documents and/or policies that contain, mention, construe, or refer to staff training and supervision at KMCC during inmate-on-inmate assault situations; if specific policies have been devised for specific situation, please provide those for inmate-on-inmate assaults in dining halls at KMCC."
>
> Request for Production of Documents 10: "The complete contents of plaintiff's D.O.C. file, including but not limited to disciplinary reports, incident reports, evaluations, criminal justice information, and medical and mental health records."
>
> Request for Production of Documents 11: "Any and all documents that evidence, mention or refer to inmate Roger Parker's institutional conduct or disciplinary history in the

---

[2] As noted above, the defendants' motion and brief in support of summary judgment in fact contains no arguments in support of a defense of qualified immunity. (Dkts. 25 & 26.)

4

Virginia D.O.C., including but not limited to documents mentioning his involvement in the Security Threat Group the "Five-Percenters."

Defendants object to requests for production 3 and 5, stating that release of the information requested would pose a security risk and allow inmates to devise countermeasures to VDOC security measures. Defendants also object to plaintiff's request for productions of documents 10 and 11 on the grounds that the requests contain confidential information and are overbroad. Defendants object to interrogatory 12 on the grounds of security, claiming that inmates could use information regarding the security cameras to avoid monitoring or detection of their conduct. Finally, defendants object to these discovery requests on the grounds that production would be unduly burdensome and on the grounds of relevance, arguing that "most of this information is not relevant to this proceeding." (Dkt. 48, p. 4.) Plaintiff has filed a motion to compel discovery arguing that his requested discovery is relevant and does not pose a security risk. (Dkts. 53 & 54.) Plaintiff alternatively requests that the court view in camera the documents defendants object to providing and that defendants answer the remaining discovery. (Dkt. 54, p. 4).

The court finds that the documents requested in requests for production 3, 5, 10 and 11 and interrogatory 12 contain private information, pose a security threat and/or are overly burdensome. Accordingly, the court will grant the defendants' motion for a protective order regarding requests for production 3, 5, 10 and 11 and interrogatory 12. However, the defendants are directed to respond in some fashion to the plaintiff's remaining discovery requests. Thus, the court will deny the plaintiff's motion to compel, except to the extent that it requests that defendants respond in some fashion to the discovery requests to which they have not specifically objected.

III. Conclusion

5

Accordingly, the court will deny defendants' motion for summary judgment on the grounds of qualified immunity and take it under advisement as to the merits. The court will further deny the defendants' motion for a protective order on the grounds of qualified immunity. The court will grant the defendants' motion for a protective order regarding requests for production 3, 5, 10 and 11 and interrogatory 12. The court will deny plaintiff's motion to compel, except to the extent that it requests that defendants respond in some fashion to the discovery requests to which they have not specifically objected.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 27th day of May, 2011.

_____
United States District Judge