# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMY SCOTT CARTER, | ) | Civil Action No. 7:10-cv-00342 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, <u>et al.</u>, | ) | By:    Hon. Michael F. Urbanski |
|     Defendants. | ) |         United States District Judge |

Jeremy Scott Carter, a Virginia inmate proceeding <u>pro se</u> in this 42 U.S.C. § 1983 action, filed a motion to amend the Amended Complaint and a motion for a temporary restraining order ("TRO"). This action is about Keen Mountain Correctional Center ("KMCC") officials' alleged deliberate indifference to protecting plaintiff from another inmate's attack in March 2009.

Plaintiff's proposed Amended Complaint seeks to add due process and retaliations claims against ten newly-named KMCC officials who are not involved with the underlying action. Plaintiff alleges that these ten proposed defendants retaliated against him for filing this action because they were involved with plaintiff's two recent disciplinary convictions. Plaintiff requests a TRO to force the proposed defendants to move plaintiff from segregation to the general population, cease "retaliating" against him for filing this action, refund a $5.00 institutional penalty, and pay him $5,000 every day he is unlawfully segregated. However, none of these facts or remedies relates to the underlying action against the current defendants, and plaintiff may not pursue an omnibus action to avoid paying filing fees. Accordingly, plaintiff's motion to amend and related motion for a TRO are denied.

**I.**

Plaintiff complains that he was fined $5.00 after pleading guilty in May 2012 for having contraband in his cell. Plaintiff alleges that the proposed defendants mishandled his personal

property while searching his cell, continued to frisk plaintiff for contraband after the conviction, and moved plaintiff to a housing unit he did not like.

Plaintiff explains that he is in segregation at KMCC because of a second "unfair" disciplinary conviction in August 2012 that allegedly violated due process and prison policies. Plaintiff is unhappy that an Institution Hearing Officer found him guilty of cursing because one of plaintiff's witnesses was "confused" and incriminated him. Plaintiff concludes that the "wrongful" institutional conviction, searches, and transfer are retaliation for this § 1983 action.

**II.**

Plaintiff may amend the Amended Complaint only with the court's permission because defendants have not consented to the amendment. Fed. R. Civ. P. 15(a)(1)-(2). The court may, on just terms, permit plaintiff to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Id. at 15(d). A court should freely give leave when justice so requires absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)).

The court must also consider the more specific joinder provisions of Rules 19(a) and 20(a) when a plaintiff files a motion to amend that seeks to join additional defendants. Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001). The proposed additional defendants must have a right to relief asserted against them, "arising out of the same transaction, occurrence, or series of transactions or occurrences" and the claims must share some "question of law or fact common to" all of the defendants. Fed. R. Civ. P. 20(a)(2).

The court denies leave to amend the Amended Complaint, which plaintiff has already

amended five times, because plaintiff seeks to prosecute new defendants for new claims based on new facts not related to the current defendants' alleged deliberate indifference in 2009. The court will not unduly delay resolution of this action and unduly prejudice the present defendants by having the proposed defendants answer allegations that are not related to the present defendants' acts or omissions. See Foman, 371 U.S. at 182 (permitting denial of amendment for undue delay and undue prejudice). The court will also not allow plaintiff to use this action to prosecute every perceived act of "retaliation" he experiences during his incarceration and to avoid paying additional filing fees. See 28 U.S.C. § 1914(a) (mandating a $350 filing fee for each civil rights action); id § 1915(b)(1) (requiring a prisoner to pay the entire $350 filing fee). Accordingly, the interests of justice require that plaintiff's motion to amend be denied.[1]

### III.

Plaintiff is not entitled to a TRO against non-defendants to remedy institutional convictions, searches, and a transfer in an action about defendants' alleged failure to protect. Plaintiff fails to establish a sufficient relationship between the actors and events described in the TRO and the defendants and claims described in the Amended Complaint. See Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997) (stating movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint). See also In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003) (stating that without this nexus, the court should not grant preliminary injunctive relief).

Furthermore, plaintiff fails to establish that he is likely to suffer irreparable harm. See Winter v. Nat'l Res. Defense Council, Inc., 555 U.S. 7, 19-22 (2008) (describing factors for a TRO). Plaintiff is merely in segregation, which is not an atypical and significant hardship in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 486-87 (1995).

---

[1] Consequently, plaintiff's recent motion to withdraw claims against three proposed defendants is denied as moot.

See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship).

Plaintiff also fails to establish likely success on the merits about new claims of retaliation, which are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)). Plaintiff cannot merely conclude that he experiences retaliation for filing this action if he, as admitted, violated institutional rules prohibiting contraband and cursing near a correctional officer. See Adams, 40 F.3d at 74 (stating an inmate must present more than conclusory allegations of retaliation). A prison official's failure to follow prison policies or procedures does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). An allegation that a Virginia prison official intentionally or negligently deprived plaintiff of property while acting outside the scope of official policy or custom also does not state a constitutional claim. See VA. CODE § 8.01-195.3 (describing the Virginia Tort Claims Act); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law."). Plaintiff also does not have a right to be housed in a particular part of a prison or to be free from frisks. See, e.g., Bell v. Wolfish, 441 U.S. 520, 558-59 (1979) (finding that visual body-cavity inspections can be conducted on less than probable cause); Meachum v. Fano, 427 U.S. 215, 225 (1976) (finding

that prisoners do not have a due process interest in avoiding a transfer to more onerous living conditions).

The balance of equities tips in defendants' favor because correctional officials, not federal courts, are best able to manage a prison's daily security needs, and the public's interest would not be served by issuing a TRO based on plaintiff's allegations. Accordingly, plaintiff's motion for a TRO is denied.[2]

## IV.

For the foregoing reasons, the court denies plaintiff's motion to amend and motion for a TRO and denies as moot plaintiff's motion to withdraw and motion for a hearing.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff and counsel of record for defendants.

Entered: August 29, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] Consequently, plaintiff's motion for a hearing about the TRO is denied as moot.